IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY DOUGLAS, | ) |
| Plaintiff, | ) 4:05cv3184 |
| vs. | ) MEMORANDUM AND ORDER |
| GOULD ELECTRONIC, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP")[1] filed by the pro se plaintiff, Larry Douglas, a prisoner in the Nebraska State Penitentiary ("NSP"). In his complaint, the named plaintiff states that he has "arrested physical development" and "diminished intelligence" as the result of lead poisoning incurred by virtue of his birth and early development on a "Superfund site." He seeks $1 billion on behalf of himself and "all others similarly situated" from two Arizona corporations under this court's diversity jurisdiction. 28 U.S.C. § 1332.

The complaint is in the handwriting of Billy Roy Tyler, an inmate in the NSP who has been barred from filing more than one in forma pauperis civil case per month in this court. Recently, Mr. Tyler has ghost-written a large number of complaints in the names of fellow inmates and relatives who purport to seek damages for lead contamination under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") or the court's diversity jurisdiction.

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP

If the plaintiff wishes to pursue a civil action, he must file a complaint in his own handwriting, signed under penalty of perjury with his own signature, and he must file a proper IFP application also completed in detail and signed under penalty of perjury. The Clerk of Court will send forms to the plaintiff for that purpose. The plaintiff is warned that even if an IFP application is granted, he will be liable for the entire $250 filing fee, to be paid in installments from his inmate trust account, and that he will be deemed to have consented to the withdrawal of such funds from his account by his institution.[2]

Furthermore, pro se plaintiffs may not bring an action on behalf of "all others similarly situated" or anyone else. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Craig v. Cohn, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). See also Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825,

---

[2]In addition, in order to prosecute his claim, the plaintiff will have to spend his own funds for various expenses which are not covered by the IFP statute. For example, the plaintiff will bear the burden of medical tests and expert witness costs to establish actual and existing injury (damages are never presumed). In addition, as to witnesses who are not prisoners, parties or witnesses listed by the defendants, witness fees are $40 per day. See 28 U.S.C. § 1821(b). Such witnesses must also be paid their actual travel expenses. 28 U.S.C. § 1821(c). Unlike the cost of serving a subpoena, the plaintiff must pay the witness and mileage fees himself, and these costs must be tendered to the witness with the subpoena. Neither the United States nor the U.S. Marshal bears the cost of witness fees and expenses even when the plaintiff is proceeding IFP. United States Marshals Service v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984) (*en banc*).

831 (D. Minn. 1997). In addition, the court is unlikely to permit intervention at all, but any inmate who might seek to intervene in such an action would first have to pay the court's $250 filing fee or be approved for IFP status.

THEREFORE IT IS ORDERED:

1. That filing no. 2 is denied, and the above-entitled case is dismissed without prejudice;

2. That if the plaintiff wishes to refile, he may do so with a complaint in his own handwriting accompanied by a completed IFP form acceptable to the court, both forms signed under penalty of perjury;

3. That the Clerk of Court shall send the plaintiff the standard form of complaint which the court makes available to pro se plaintiffs and an IFP application (AO 240); and

4. That a separate judgment will be entered accordingly.

DATED this 28th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge